IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 22, 2000

## STATE OF TENNESSEE v. DEWAYNE GREENE

**Direct Appeal from the Circuit Court for Jefferson County**
**No. 6760      O. Duane Slone, Judge**

---

**No. E1999-01288-CCA-R3-CD**
**March 7, 2001**

---

Defendant, Dewayne Greene, was convicted by a guilty plea of simple assault, resisting arrest, evading arrest, and reckless endangerment in Hamblen County Circuit Court. The trial court sentenced Defendant to eleven months and twenty-nine days, with three-hundred days to be served in confinement. Defendant was also indicted by the Jefferson County Grand Jury for two counts of aggravated assault arising from incidents involving the same victim as those which generated the Hamblen County indictments. Defendant pled guilty in the Jefferson County Circuit Court with the condition that the trial court "reserve an entry of conviction" until the court heard Defendant's motion to dismiss on grounds of double jeopardy. After the trial court heard and denied Defendant's motion, it sentenced Defendant as a Range I offender to concurrent terms of six years for each count of aggravated assault. In this appeal, Defendant argues that (1) double jeopardy bars the Jefferson County convictions because Defendant's previous Hamblen County convictions were based upon the same conduct, and (2) Defendant's sentence for the aggravated assault convictions is excessive. After a thorough review of the record, we find that only Defendant's sentencing issue is properly before this Court. Defendant failed to properly reserve the double jeopardy issue as a certified question of law for appellate review. We affirm the sentence of six years for count 1 and reduce the sentence for count 2 to five years; the total effective sentence remains at six years.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed, as Modified.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Edward Cantrell Miller, District Public Defender; Robert Scott, Assistant Public Defender; and Susanne Bales, Assistant Public Defender, Dandridge, Tennessee, for the appellant, Dewayne Green.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts

On April 24, 1999, Defendant and his girlfriend, Pam Satterfield, had an argument which started at their home in Jefferson County. At Defendant's hearing on his motion to dismiss on double jeopardy grounds, Satterfield testified that Defendant struck her several times with a belt and beat her with a water hose. The next morning, Defendant cut Satterfield's hair and arm with a knife and threatened to kill her. Then, at approximately 1:00 p.m. that afternoon, Defendant forced Satterfield and their daughter into his car and drove them to his parent's house in Hamblen County. Defendant and Satterfield were not married, but he was the father of Satterfield's daughter. Defendant told Satterfield that he planned to leave their daughter with his parents, then take Satterfield out to a field and kill her. Satterfield testified that Defendant struck her continuously during the drive and that several of the acts of striking her occurred in Hamblen County. When Defendant stopped the car, Satterfield jumped out and phoned the police. Defendant fled the scene, but the police located and arrested him a short time later.

On April 25, 1999, Defendant was charged in Hamblen County with simple assault, evading arrest, resisting arrest, and reckless endangerment. The charges resulted from Defendant's conduct toward Satterfield in Hamblen County and his ensuing flight from the police. Defendant pled guilty to the Hamblen County charges on May 4, 1999. Defendant was also indicted in Jefferson County for two counts of aggravated assault. These charges originated from the incident that occurred between Defendant and Satterfield at their home in Jefferson County on April 24-25, 1999.

While in jail and waiting to appear on the aggravated assault charges, Defendant wrote Satterfield a letter which contained the following statements:

> I need you to tell [the public defender] that there is no way you will testify against me. Tell him you will lie if you have to, just to keep me from getting more time. Tell him if you have to you won't even show up. Tell him also that if you have to that when you testifyied [sic] against me at the preliminary you will swear you was on some kind of drugs and you lied.

On June 21, 1999, Defendant pled guilty to the aggravated assault charges during a negotiated plea hearing in Jefferson County. The record shows that the trial judge confirmed that neither party had reserved any issues for appeal at the beginning of the hearing. The judge's statement elicited no response from the prosecutor or Defendant. However, Defendant requested one condition to his guilty plea–that the trial court's entry of conviction "would be reserved until the date of his sentencing pending motion on a double jeopardy question." The trial court agreed.

On July 7, 1999, Defendant filed a motion to dismiss the Jefferson County charges against him on grounds that double jeopardy barred a conviction. The trial court denied Defendant's motion during a hearing on August 23, 1999, finding that Defendant could properly be convicted for both

simple assault in Hamblen County and aggravated assault in Jefferson County because the acts were separate events committed in different counties. Defendant was then sentenced for the aggravated assault convictions. On August 27, 1999, Defendant filed notice for this appeal.

## II. Double Jeopardy

Defendant contends that constitutional protections against double jeopardy bar the Jefferson County convictions because Defendant was previously convicted in Hamblen County for primarily the same conduct. Although Defendant acknowledged in his brief that appellate review of the double jeopardy issue was not properly reserved pursuant to Tenn. R. Crim. P. 37(b) and the directives outlined in State v. Preston, 759 S.W.2d 647 (Tenn. 1988), he nevertheless requests that this Court review this matter in the interests of justice and judicial economy. We decline review for the following reasons.

Rule 37(b)(2)(i), Tennessee Rules of Criminal Procedure, provides:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction . . . [u]pon a plea of guilty or nolo contendere if . . . defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case . . . .

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), the Tennessee Supreme Court explained the requirements of Rule 37(b)(2)(i) as follows:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved . . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation, and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Id. at 650. Because the prerequisites enunciated in Preston are mandatory, failure to properly reserve a certified question of law pursuant to Preston will result in the dismissal of the appeal. See State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn.1996); State v. Caldwell, 924 S.W.2d 117, 119 (Tenn. Crim. App. 1995).

The request made by Defendant during his arraignment–that the trial court reserve entry of his conviction pending a hearing on his double jeopardy motion–clearly fell short of the explicit and unambiguous requirements of Preston. Neither the trial court's judgment nor the transcript of Defendant's motion/sentencing hearing contained a statement of the dispositive certified question of law "stated so as to clearly identify the scope and the limits of the legal issue reserved." Preston, 759 S.W.2d at 650. Moreover, when the question of law is part of a plea agreement, the court order "must state that the certified question was expressly reserved" and, further, "that the State and the judge are of the opinion that the question is dispositive of the case." Id. These requirements also were not met.

Because the burden is on Defendant to see that the above prerequisites are in the final order and Defendant has failed to so comply, his argument alleging violation of state and federal constitutional protections against double jeopardy is not properly before this Court. "[T]he holding in Preston creates a bright-line rule from which this Court may not depart." State v. McCraw, No. 03C01-9903-CR-00106, 2000 WL 250146 at *2, Knox County (Tenn. Crim. App., Knoxville, March 7, 2000) perm. to appeal denied (Tenn. 2000). Moreover, we consider compliance with the Preston requirements not overly burdensome or demanding. Id. Defendant is not entitled to relief on this issue.

### III. Sentencing

Defendant also contends that the sentence imposed by the Jefferson County trial court for his conviction of two counts of aggravated assault is excessive. Specifically, Defendant argues that his sentence must be reduced because the trial court erroneously applied and gave "great weight" to a nonstatutory enhancement factor. We disagree. We also note that the length of each sentence for aggravated assault was not a part of the negotiated plea agreement. Therefore, appeal by Defendant of the sentences was not barred by the guilty pleas. Tenn. R. Crim. P. 37(b)(2)(ii).

When an accused challenges the length, range, or the manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the

-4-

criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, 103, 210 (1997); see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Because the record shows that the trial court did affirmatively consider the criteria for imposing sentences and sentencing principles as set forth in Tennessee Code Annotated §§ 40-35-102 and -103, we review this appeal with a presumption that the determinations made by the trial court are correct.

In determining the length of Defendant's sentence under Tenn. Code Ann. § 40-35-114, the record reveals that the trial court found the following enhancement factors applicable: (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (7) the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement. See Tenn. Code Ann. § 40-35-114(1), (7) (1997). In addition, the trial court noted Defendant's attempts to induce Satterfield to commit perjury, as shown by his letter to her quoted in relevant part above. Finding no mitigating factors applicable, the trial court gave "great weight" to Defendant's efforts to suborn perjury and "very little weight" to factor (7). After reviewing Defendant's pre-sentence report, the trial court imposed concurrent terms of six years, the maximum sentence in the range, for each of Defendant's aggravated assault convictions.

Defendant challenges the propriety of including acts not specifically enumerated under Tenn. Code Ann. § 40-35-114, i.e., an attempt by the accused to suborn perjury, in the category of enhancement factors for purposes of determining the length of a defendant's sentence. He argues that factors not contained in Tenn. Code Ann. § 40-35-114 cannot be used to enhance a defendant's sentence according to State v. Strickland, 885 S.W.2d 85 (Tenn. Crim. App. 1993). The State responds that Defendant's efforts to suborn perjury are quite suitably embraced in the category of previous "criminal behavior" embodied in enhancement factor (1).

We agree with the State's argument. Subornation of perjury is repugnant to the truth-seeking process and is a crime. See Tenn. Code Ann. § 39-16-705 (1997) ("a person commits an offense who, with the intent to deceive, induces another to make a false statement constituting perjury or aggravated perjury"). As such, it could not be more properly classified as "criminal behavior." Consequently, we conclude that the trial court properly used Defendant's criminal behavior, i.e., his attempt to induce Satterfield to commit perjury, to enhance his sentence under Tenn. Code Ann. § 40-35-114(1).

Even though the trial court gave very little weight to enhancement factor number (7), we find that this enhancement factor, i.e., that the crime was committed to gratify the defendant's desire for pleasure or excitement, was erroneously applied. Nothing in the record supports the application of this factor. The proof indicates that Defendant severely beat the victim with a belt and a water hose, leading to the first conviction of aggravated assault, and then later assaulted her with a knife, cutting her hair and her arm in the process, to establish the second conviction. According to the victim's testimony, this was done because she had had sexual relations with another man.

However, this error will not alter the effective sentence imposed upon Defendant. In count one of the indictment, Defendant was charged with aggravated assault in that he did "unlawfully, feloniously, knowingly, cause serious bodily injury to Pamela Satterfield," in violation of Tennessee Code Annotated § 39-13-102. In count two, Defendant was charged with aggravated assault in that he "did unlawfully, feloniously and knowingly cause Pamela Satterfield to reasonably fear imminent bodily injury by the use or display of a deadly weapon, to wit: a knife," in violation of Tennessee Code Annotated section 39-13-102.

Regarding Defendant's conviction as a result of count one, the indictment charging aggravated assault by causing "serious bodily injury" and not alleging the use of a knife, the uncontradicted proof is that the Defendant used deadly weapons, i.e., a belt and a water hose with cuts in it, to cause severe bruising and inflict numerous welt marks. The photograph of the victim's body shows bruises covering the entire area where the injuries were inflicted, and a substantial number of welts and red marks where the skin was cut. The victim testified that she was in such pain that she could not "sit down," and she was forced to take a month off from work on medical leave.

While Tennessee Code Annotated section 39-11-106 refers to its definitions applying "in this title," we find guidance from the definition of "deadly weapon" in subsection (a)(5) of section 39-11-106 wherein a deadly weapon is defined as "[a]nything that in the manner of its use or intended use is capable of causing death or *serious bodily injury.*" (Emphasis added). Therefore, the enhancement factor found at Tennessee Code Annotated § 40-35-114(9), requiring that the defendant possessed or employed a deadly weapon during the commission of the offense, would apply to the conviction for aggravated assault based upon the Defendant committing an assault resulting in serious bodily injury to the victim. See State v. Carter, 986 S.W.2d 596 (Tenn. Crim. App. 1998). An appellate court conducting a de novo review is not precluded from applying an enhancement factor not applied by the trial court when the underlying facts are uncontradicted. See State v. Winfield, 23 S.W.3d 279 (Tenn. 2000).

Therefore, as to the conviction in trial court case number 6760, count 1, there are two applicable enhancement factors and, therefore, the sentence of six (6) years for the conviction is affirmed. Finding only one applicable enhancement factor for count 2 of docket number 6760, we reduce that sentence to five (5) years. The total effective sentence of the Defendant shall remain at six (6) years.

## CONCLUSION

For the foregoing reasons, the Defendant's sentence of six (6) years in trial court docket number 6760, count 1, is affirmed; the sentence in count 2 is reduced to five (5) years. Pursuant to the trial court's order of concurrent sentencing, the effective sentence of the Defendant remains at six (6) years; in all other aspects the judgment is affirmed.

_____

THOMAS T. WOODALL, JUDGE