**STATE of Tennessee, Appellee,**

v.

**Torry E. CALDWELL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 19, 1995.

Permission to Appeal Dismissed by Supreme Court May 13, 1996.

Donald S. Caulkins, Franklin, for Appellant.

Charles W. Burson, Attorney General & Reporter, William David Bridgers, Asst. Attorney General, Nashville, Mike Bottoms, District Attorney General, Robert Sanders, Asst. District Attorney General, Columbia, for Appellee.

### OPINION

PEAY, Judge.

The defendant was charged in the indictment with the first-degree murder of a child under thirteen years of age as a result of

aggravated child abuse. As a result of a plea agreement, the defendant entered a plea of *nolo contendere* to the indicted charge and received a sentence of life imprisonment.

In this appeal the defendant attempts to raise as the sole issue the constitutionality of the statute defining first-degree murder as the reckless killing of a child less than thirteen years of age as a result of aggravated child abuse.[1] The elements of this offense are set out at T.C.A. § 39–13–202a(4) (Supp. 1994). The defendant contends that the issue of the constitutionality of this statute was reserved at the time of entry of his plea and should be considered by this Court as a certified question of law.

Prior to the entry of his plea, the State had filed a notice of its intent to seek the sentence of life without possibility of parole. Two aggravating circumstances were set forth in the notice and were relied on by the State in seeking that punishment. Subsequent to the filing of this notice, the defendant and the State reached an agreement for the defendant to enter a plea of *nolo contendere* and the State would recommend a life sentence to the court. This plea arrangement was presented to the court and accepted, resulting in the defendant's conviction and life sentence.

■ There was no judgment entered in the record that set forth the certified question to be considered by this Court. At the time of entry of the plea, counsel for the defendant announced that the defendant was not giving up his right to contest the constitutionality of the "first-degree murder child abuse" statute, T.C.A. § 39–13–202a(4). This announcement by counsel is the only indication in the record of the defendant's intent to reserve a certified question. We find no mention of this reservation in the plea agreement signed by the district attorney general, the defendant, and the defendant's counsel. There is no mention of this reservation in the pronouncement of judgment by the court, nor in any judgment form entered after the conviction.

■ Our Supreme Court has set out prerequisites to the consideration of a certified question of law. These requirements are as follows:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and *the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.* For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., *the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement* of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . *Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. . . . No issue beyond the scope of the certified question will be considered.*

*State v. Preston,* 759 S.W.2d 647, 650 (Tenn. 1988) (emphasis added).

We note that the Rules of Criminal Procedure provide for the reservation of a certified question of law without the consent of the district attorney general where the defendant enters a plea if there is no plea bargain agreement with the attorney general. Tenn. R.Crim.P. 37(b)(2)(iv). However, the consent of the court must be obtained. In this case

---

1. "First degree murder is:
   (4) A reckless killing of a child less than sixteen (16) years of age, if the child's death results from aggravated child abuse, as defined by § 39–15–402, committed by the defendant against the child."

there was a plea agreement that had been reached with the district attorney general. However, nowhere in the record do we find that the district attorney general consented to a reservation of a certified question of law.

Even if a plea agreement had not been reached with the attorney general, we do not find that this certified question was reserved with the consent of the court. If the court had consented by its silence to the reservation of this certified question, nowhere in the record is the question for consideration set forth in the final judgment or in any order.

We realize that our Supreme Court may have relaxed the rules somewhat as set forth in *Preston.* In *State v. Sarah Hutton Downey,* No. 03C01–9307–CR–00221, Hamilton County, 1994 WL 329290 (Tenn.Crim.App. filed July 6, 1994, at Knoxville), *cert. granted* (Tenn.1994), a panel of this Court dismissed an appeal citing a lack of compliance with the requirements of *Preston.* In *Downey,* the order attempting to reserve the certified question had incorporated by reference several issues raised in the defendant's motions. Our Supreme Court granted certiorari and then remanded the case back to this Court to address the issue on the merits setting out the certified question to be considered. *State v. Sarah Hutton Downey,* order, 1994 WL 854629 (Tenn. filed October 31, 1994).

We do not believe that the certified question of law has been sufficiently reserved in this case, however. The defendant argues that he was forced to enter into the plea bargain agreement rather than run the risk of receiving a life sentence without the possibility of parole and therefore could not properly reserve the certified question. Although we understand the defendant's dilemma, we do not find that this is sufficient to waive the requirements to properly certify a question of law. The defendant chose one alternative course of conduct among several. He could have gone to trial and raised this issue on appeal or he could have entered a "blind plea" before the trial judge and with the express consent of the court reserved this issue for appeal. The defendant now seeks to have the best of both worlds by accepting the plea offer and then attempting to appeal on the issue of the constitutionality of the statute. He has given up his right to do so.

Accordingly, we find that there is no order from which the defendant may appeal and his attempt to do so is hereby dismissed.

SUMMERS and WELLES, JJ., concur.