# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JULY 1999 SESSION

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 01C01-9807-CC-00317 |
| Appellee, | * | WARREN COUNTY |
| VS. | * | Honorable Charles D. Haston, Judge |
| **TIM LEE MOORE,** | * | (Habitual Traffic Offender) |
| Appellant. | * | |

**FILED**

September 24, 1999

**Cecil Crowson, Jr.
Appellate Court Clerk**

FOR THE APPELLANT:

BILLY K. TOLLISON, III
114 North College Street
McMinnville, TN 37111

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

KIM R. HELPER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

CLEMENT DALE POTTER
District Attorney General

THOMAS J. MINER
Assistant District Attorney
Professional Building
McMinnville, TN 37111

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Tim Lee Moore, was convicted upon his plea of guilty in Warren County to Driving while Restriction in Effect, a Class E felony. See Tenn. Code Ann. § 55-10-616. He was sentenced to the Department of Correction for sixteen months as a Range I Standard offender. He appeals as of right upon a certified question of law. See T.R.A.P. 3(b); Tenn. R. Crim. P. 37(b). The state asserts that the defendant did not properly reserve a certified question of law. We AFFIRM the trial court.

The defendant was originally charged with Driving while Restriction in Effect and Driving while License Canceled, Suspended, or Revoked, fourth offense. The charges resulted from a vehicle stop conducted by the Warren County Sheriff's office. While conducting a wheel tax road block, a Warren County deputy noticed the defendant's van with a small trailer pull into a private drive. Rather than pulling further into the driveway where there was a turn-around, the defendant began to back his trailer and van into the highway in an attempt to turn around. The deputy testified that the van was stopped because the driver created a traffic hazard by spending so much time turning around. These observations indicated to him that the driver might be in some way impaired.

The defendant filed a motion to suppress all evidence obtained after the stop, claiming that the stop was unconstitutional because the officer lacked the requisite specific, articulable facts. The trial court denied the defendant's motion to suppress, and the defendant pled guilty to Driving while Restriction in Effect. The other charge was dismissed.

The judgment form filed August 21, 1998, neither reflects that the defendant reserved a certified question of law, nor incorporates by reference an order setting forth a certified question of law. On July 24, 1998, the defendant sought to amend his guilty plea to reserve the right to appeal a certified question of law. That order provides as follows:

> Upon agreement between the State of Tennessee and Tim Lee Moore, with consent of the Court, and with good cause having been shown, it is hereby:
>
> Ordered, Adjudged, and Decreed that the defendant's plea of guilty be amended to reserve the right to appeal the denial of the Motion to Suppress Evidence and the record shall so reflect.

The state insists that the defendant has not properly reserved a certified question of law to invoke our jurisdiction. We agree with the state that the judgment and amended judgment fail to sufficiently state a certified question of law or demonstrate that the question is dispositive.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our Supreme Court made explicit to the bench and bar exactly what the appellate courts require as prerequisites to the consideration of the merits of a certified question of law. These requirements are as follows:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge

are of the opinion that the question is dispositive of the case. . . . No issue beyond the scope of the certified question will be considered.

Id. at 650 (emphasis added); see also State v. Caldwell, 924 S.W.2d 117, 118 (Tenn. Crim. App. 1995). Failure to properly reserve a certified question of law pursuant to Preston will result in the dismissal of the appeal. See State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996).

The judgment of the trial court is AFFIRMED and this appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
JAMES CURWOOD WITT, JR., Judge