IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2001

## STATE OF TENNESSEE v. CALVIN T. BARHAM

**Direct Appeal from the Criminal Court for Chester County**
**No. 99-027     Roger A. Page, Judge**

---

**No. W2000-00871-CCA-R3-CD  - Filed May 15, 2001**

---

Defendant entered a best interest plea of guilty to possession of cocaine with the intent to sell and was sentenced to four years on community corrections.  The plea attempted to reserve a certified question of law relating to the suppression of evidence.  Upon our review of the record, we conclude that we do not have jurisdiction to address the certified question of law.  The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ.,  joined.

George Morton Googe, District Public Defender; and Vanessa D. King, Assistant District Public Defender, Jackson, Tennessee, for the appellant, Calvin T. Barham.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

        Defendant pled guilty to possession of cocaine with the intent to sell, a Class C felony, and received an agreed sentence of four years on community corrections.  The parties attempted to reserve a certified question of law regarding the  suppression of evidence.  Defendant contends that he was illegally seized and searched; thus, the trial court should have suppressed any evidence which was gathered pursuant to the illegal search and seizure.  Upon our review of the record, we must conclude that this court does not have jurisdiction to address the certified question since the certification did not meet the requirements of State v. Preston, 759 S.W.2d 647 (Tenn. 1988).  The appeal is, therefore, dismissed.

## BACKGROUND

Following a routine traffic stop, drugs were discovered in the defendant's shoe. Thereafter, the defendant was indicted for possession of cocaine with intent to sell and deliver. The defendant filed a motion to suppress the drugs found during the search. The defendant claims he was illegally detained, improperly frisked, and did not voluntarily consent to the search of his shoe. Following a hearing, the trial court denied the defendant's motion to suppress. Later that day, the defendant entered a best interest plea of guilty to possession of cocaine with intent to sell and was sentenced to four years on community corrections.

The transcript of the guilty plea hearing indicates that all parties agreed that the guilty plea would be conditional upon the reservation of a certified question of law relating to the suppression of the evidence. *See* Tenn. R. Crim. P. 37(b)(2)(i). Additionally, the plea agreement, executed by the assistant district attorney and the defendant, refers to the "right to appeal [the] suppression of evidence." The judgment of conviction entered by the trial court on March 31, 2000, contains the following language: "Defendant reserves a certified question of law concerning his Motion to Suppress." The judgment of conviction contains no further information relating to the certified question. Notice of appeal was filed on April 17, 2000. A written order denying the motion to suppress and an "Order Granting the Defendant's Motion for Appeal by Permission" were entered by the trial court on June 30, 2000. The order sets forth the nature of the certified question. In addition, the order states that all the parties agreed to the certified question, states that the plea agreement expressly reserved the right to certify the question, and indicates the trial court found the question to be dispositive of the case.

## JURISDICTIONAL ISSUE

The state contends the certified question is not properly before this court. We agree. State v. Preston, 759 S.W.2d 647 (Tenn. 1988) explicitly sets forth the requirements for properly reserving a certified question of law. The final order or judgment from which the time begins to run to pursue a Tenn. R. App. P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review. *Id.* at 650. The question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. *Id.* Specifically, where questions of law involve the validity of searches, the reasons relied upon by the defendant at the suppression hearing must be identified in the statement of the certified question of law, and review by the appellate courts will be limited to those issues passed upon by the trial judge and stated in the certified question. *Id.*; *see also* State v. Caldwell, 924 S.W.2d 117, 118 (Tenn. Crim. App. 1995). Also, the order must state that the certified question was expressly reserved as part of the plea agreement, the state and trial judge consented to the reservation, and the state and trial judge are of the opinion that the question is dispositive of the case. Preston, 759 S.W.2d at 650.

Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal. State v. Pendergrass, 937 S.W.2d. 834, 838 (Tenn. 1996). Furthermore, the

court in *Pendergrass* held that the trial court lost jurisdiction on the date the notice of appeal was filed, and found its attempt to properly certify the question several days later to be a nullity. *Id.*

Like our recent decision in State v. Danny Harold Ogle, No. E2000-00421-CCA-R3-CD, 2001 WL 38755 (Tenn. Crim. App. filed January 17, 2001, at Knoxville), *perm. to app.* filed March 16, 2001, we conclude that the attempt to certify the question of law in this case was not in compliance with *Preston*. Although the judgment of conviction made reference to a certified question of law, the judgment does not identify the scope of the certified question of law and contains no statement that the question is dispositive. Furthermore, this court has consistently held that the *Preston* requirements are jurisdictional. *See* Ogle, 2001 WL 38755, at *3 (citations omitted). Thus, the failure to properly certify a question of law is a jurisdictional defect, which results in the dismissal of the appeal. *Id.*

Like the subsequent order entered in *Pendergrass* and *Ogle*, the order entered by the trial court in this case was signed and entered by the trial court after the filing of the notice of appeal; thus, it was a nullity. *Id.* An order attempting to certify a question of law which is entered after the filing of the notice of appeal is an improper attempt to confer jurisdiction upon the Court of Criminal Appeals where no such jurisdiction exists. Pendergrass, 937 S.W.2d at 837. We further conclude that we cannot accept jurisdiction based upon the agreement of the parties. State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Thus, the appeal is dismissed.

However, this panel refers to our comments in *Ogle* regarding the current scheme for reserving certified questions of law. *See* 2001 WL 38755, at *3. We continue to believe that the better practice is to allow the appellate courts to entertain an appeal, even if the judgment itself does not contain the essential requirements; provided, it is apparent from the plea documents or any other proper record before the appellate court that, at the time of the guilty plea, the plea explicitly reserved a dispositive certified question of law with the consent of all the parties and the trial court. *Id.* Although the guilty plea transcript before this court indicates the reservation of a dispositive certified question of law with consent of all parties and the trial court, the Preston requirements have not been satisfied.

## CONCLUSION

Our review of the record indicates that, under current law, we have no jurisdiction to entertain this appeal. Accordingly, the appeal is dismissed.

_____
JOE G. RILEY, JUDGE
