# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 12, 2004 Session

## STATE OF TENNESSEE v. CHANCE COY HERRON

**Direct Appeal from the Criminal Court for Putnam County**
**No. 02-0390     Lillie Ann Sells, Judge**

_____

**No. M2004-00553-CCA-R3-CD - Filed December 1, 2004**
_____

The defendant appeals, on a certified question of law, the trial court's failure to suppress evidence resulting from his warrantless arrest and search of his home. Because the defendant has failed to properly reserve a certified question of law for appeal, we dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH , JJ., joined.

John Wayne Allen, Cookeville, Tennessee, for the appellant, Chance Coy Herron.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; William Edward Gibson, District Attorney General; and Anthony J. Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The defendant, Chance Coy Herron, pled guilty to leaving the scene of an accident, possession of marijuana, and possession of drug paraphernalia. Pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(1), he reserved the right to appeal a certified question of law relating to his warrantless arrest and the subsequent seizure of evidence from his home. In this appeal, the defendant asserts that the trial court erred in refusing to suppress the evidence obtained against him as a result of the unlawful arrest and search. Specifically, the defendant contends that the officer unlawfully searched the curtilage of his home without first obtaining a search warrant; that the defendant's consent to a warrantless search was not given freely and voluntarily; and that the officer had no authority to make a warrantless arrest for a misdemeanor offense, therefore, the search incident to arrest was also illegal.

On the evening of March 21, 2003, an automobile ran off the road at the intersection of Water Plant Road and Baxter Road in Putnam County. The vehicle hit a fence post, and the driver fled the scene of the accident. An eyewitness observed the incident and directed an officer to the home of the defendant. Upon arrival, the officer observed a vehicle with apparent damage to the front end and proceeded to approach the house. When the officer advised the defendant that he was investigating an accident, the defendant admitted that the vehicle was his and that he had wrecked it earlier in the evening. The officer then asked the defendant if he could search the vehicle, and the defendant consented.

As a result of the search, the officer found the damage to the defendant's vehicle to be consistent with that of hitting a fence post. Moreover, the search yielded two hypodermic needles and a partially smoked marijuana cigarette. When questioned about the needles, the defendant initially stated he was diabetic, but later admitted that he was not. At that point, the defendant was placed under arrest.

On January 29, 2004, the defendant pled guilty to the three charges. On the same day, the trial court entered an order noting the guilty pleas and setting forth the defendant's certified question of law. This "Order Reserv[ing the] Right to Appeal" explicitly stated that the defendant was reserving, with the consent of the court and the State, the right to appeal a certified question of law which was dispositive of the case. Specifically, it stated:

> Said question of law is whether an officer can perform a valid warrantless arrest of an individual at his home without exigeint [sic] circumstances and whether this violates the fourth amendment of the United States Constitution and Article 1, Section 7 of the Tennessee Constitution. Defendant was arrested by deputy sheriff David Gibbons on March 21, 2003. Officer Gibbons had neither a search warrant or an arrest warrant. Defendant alleges that the evidence seized at his home, specifically drugs and two hypodermic needles, such [sic] be suppressed.

On April 8, 2004, judgments were entered against the defendant. The judgment forms neither made mention of the certified question of law nor made reference to the earlier order, which did set forth the issues.

**Analysis**

Tennessee Rule of Criminal Procedure 37(b) provides that an appeal lies from any judgment of conviction,

> (2) [U]pon a plea of guilty or *nolo contendere* if:
>
>    (i)     the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or
>
>    . . .
>
>    (iv)    the defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

Instructive on the issue of appellate review of certified questions of law is our supreme court's opinion in State v. Preston, 759 S.W.2d 647 (Tenn. 1988). In giving guidance to the bench and bar, the court enunciated prerequisites to an appellate court's consideration of a certified question of law on its merits. Specifically, the court opined:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved . . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on the defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified.

Id. at 650.

This Court further clarified the language "final order or judgment" in State v. Lillie Fran Ferguson, when it held that "the judgment document entered pursuant to the mandate of Supreme Court Rule 17 is clearly the 'final order of judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal' as referenced by Preston." State v. Lillie Fran Ferguson, No. W2000-01687-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 314, at *8 (Tenn. Crim. App., at Jackson, April 27, 2001) (citing Preston, 759 S.W.2d at 650). Therefore, this Court explicitly identified the uniform judgment form as the pertinent document for determining if the question presented has been properly certified.

Generally, because the requirements listed in Preston are mandatory, the defendant's failure to comply results in a requisite dismissal of the appeal. See State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996); State v. Caldwell, 924 S.W.2d 117, 119 (Tenn. Crim. App. 1995). However, if the judgment fails to satisfy the mandates of Preston, but does incorporate by reference a separate document which would satisfy those requirements, then the certification of issues will be sufficient for appellate review. See State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); Pendergrass, 937 S.W.2d at 837. Moreover, in State v. Armstrong, 126 S.W.3d 908 (Tenn. 2003), our supreme court granted further leniency to this generally strict rule. In that case, the court held that a "[c]orrective *nunc pro tunc* order entered after the final judgment while the trial court had jurisdiction [to correct deficiencies in the record] and before the filing of a notice of appeal" met the requirements of Preston and properly reserved the defendant's certified question of law. Id. at 912-13.

In the present case, the final judgments do not contain a statement of any dispositive question of law, an express reservation of a certified question, or a statement that the State and trial court agree that the question is dispositive; thus, the judgments meet none of the requirements of Preston. Further, although the record does contain a document entitled "Order

Reserv[ing] Right to Appeal," which appears to satisfy <u>Preston</u>, that order is not mentioned in any of the judgments. Finally, there was no corrective order filed subsequently that would remedy the omission in the judgment form. Therefore, because the judgment neither explicitly nor implicitly fulfills the aforementioned requirements, appellate review of the question presented is precluded.

### Conclusion

Based on the foregoing, and the record as a whole, the appellant has failed to properly reserve a certified question of law for appeal in accordance with the requirements of Tennessee Rule of Criminal Procedure 37, and this appeal is hereby dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE