# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 27, 2005 Session

## STATE OF TENNESSEE v. CURTIS EMMANUEL LANE

**Appeal from the Criminal Court for Knox County**
**No. 73422   Ray L. Jenkins, Judge**

---

### No. E2004-02340-CCA-R3-CD - Filed November 2, 2005

---

The appellant, Curtis Emmanuel Lane, pled guilty to simple possession of marijuana and was sentenced to eleven months and twenty-nine days, suspended upon payment of court costs and fines. Pursuant to Rule 37 (b)(2)(i) of the Tennessee Rules of Criminal Procedure, the appellant attempted to reserve a certified question of law to this Court on the issue of whether the evidence should have been suppressed as the result of an illegal arrest. After a thorough review of the record, we conclude that the appellant failed to properly reserve a certified question of law. Therefore, the appellant's issue is not properly before this Court, and this appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Appeal Dismissed

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ALAN E. GLENN, JJ., joined.

Mark E. Stephens, District Public Defender and Robert C. Edwards, Assistant Public Defender, for the appellant, Curtis Emmanuel Lane.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; and Randall E. Nichols, District Attorney General; and Zane Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellant was indicted by a Knox County Grand Jury in September of 2001 for simple possession of marijuana. Subsequently, the appellant filed a motion to suppress the evidence obtained during a search incident to his arrest as well as a motion to dismiss the charge.

At the hearing on the motion to suppress, Officer Kelly Tanner of the Knoxville Police Department testified that on July 11, 2000, at about 5:30 p.m., he stopped the appellant's car on Dora

Street in Knoxville because he noticed that "the vehicle that [the appellant] was driving was bearing an expired license plate." After stopping the appellant, Officer Tanner requested the appellant's identification. The appellant failed to produce any identification and did not have a driver's license or any other form of identification showing his name.

At that time, the appellant told Officer Tanner his name, date of birth, and a social security number. Officer Tanner was unable to verify the information because "[a]t the time, the mobile data terminal in the car was out of service - or - let me back up and say that the NCIC capability was out of service on the mobile data terminal." The officer explained that he tried to check the veracity of the information through the "records channel" and was advised that NCIC had been "pulled down" for some reason. Officer Tanner then decided to arrest the appellant rather than give him a citation because there was no way to verify the information. Upon the appellant's arrest, Officer Tanner found marijuana in the appellant's possession. On cross-examination, Officer Tanner admitted that the information that the appellant gave him turned out to be true once he was able to verify it.

The trial court determined that the police officer properly arrested the appellant under the circumstances and denied both the motion to suppress and the motion to dismiss, making the following findings:

> The Court is of the opinion that the case of <u>Tennessee v. Walker</u>, 12 S.W.3d 460, is controlling. The proof from the arresting officer indicated that the license plate was expired, the defendant had no identification, no driver's license, information given by the defendant could not be verified through no fault of either party, the NCIC was out of commission. Therefore, the defendant was arrested properly. . ..

The appellant pled guilty to simple possession of marijuana on September 6, 2004. In exchange for his guilty plea, the appellant received an eleven month, twenty-nine day sentence, which was to be suspended upon payment of court costs and fines. The transcript of the guilty plea hearing indicates that the appellant, State and trial court "agreed . . . [to] take a certified question of law regarding the arrest on this matter to the Court of Criminal Appeals." Defense counsel informed the court that he had the "paperwork ready" for the certified question, but the parties agreed to reserve judgment until everything was completed. On September 10, 2004, defense counsel submitted an "addendum to the judgment for the certified question" and informed the trial court that "everything is in a posture to be appealed on the certified question." The "addendum to judgment" and the judgment form were entered on the same day, September 10, 2004. The judgment form does not reference the "addendum to judgment," or the certified question of law. The "addendum to judgment" contains the following language:

> This addendum has been prepared for counsel by the defendant and submitted to the court for approval in order to comply with Tennessee Rule of Criminal Procedure Rule 37 concerning the submission of a certified question of law to the Tennessee Court of Criminal Appeals. It is intended to be part and parcel of the judgment of conviction of the case styled above to which specific references hereby made and said

judgment makes specific reference hereto so that each document references the other. The Court therefore makes the following findings:

A. The defendant has entered into a plea agreement under Rule 11(e) but has explicitly reserved with the consent of the State and the Court the right to appeal a certified question of law to the Court of [sic] Tennessee Court of Criminal Appeals that is dispositive of the case.

B. That the judgment in this case must contain a statement of the certified question of law reserved by the defendant for appellate review. The question of law in this case is as follows:

> "Did the defendant provide satisfactory evidence of identity when stopped by police when driving his automobile so as to entitle him to be cited and released for the offense of driving without a license in his possession; or was the officer entitled to arrest him as, [sic] allowed by Tennessee Code Annotated § 40-7-118, for failure to provide satisfactory evidence of identity."

C. The certified question expressed in the foregoing paragraph has been expressly reserved for appeal with the consent of the State and the trial judge.

D. The defendant, the State, and the trial judge are all of the opinion that the certified question in the foregoing is dispositive under the facts of this case. . . .

The appellant filed a timely notice of appeal, presenting the certified question for our review.

## Analysis

The appellant presents an ostensible certified question of law on appeal in which he argues that his arrest was illegal. The State argues that the appellant has failed to properly reserve his certified question of law for appeal, that this Court lacks jurisdiction to consider the appeal and that the appeal should be dismissed.

In pertinent part, Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides:

An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction . . . upon a plea of guilty or nolo contendere if . . . the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case, and the

following requirements are met: (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review; (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved; (C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and (D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case; . . . .

In State v. Preston, 759 S.W.2d 647 (Tenn.1988), our Supreme Court made explicit to the bench and bar exactly what the appellate courts require as prerequisites to the consideration of the merits of a certified question of law. These requirements are as follows:

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case . . . . No issue beyond the scope of the certified question will be considered.

Id. at 650; see also State v. Caldwell, 924 S.W.2d 117, 118 (Tenn. Crim. App. 1995). Failure to properly reserve a certified question of law pursuant to Preston will result in the dismissal of the appeal. State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996). As the appellate courts have written time and again, the requirements of Preston are extremely clear. See Pendergrass, 937 S.W.2d at 837. This Court has consistently held that the Preston requirements are jurisdictional. See State v. Alaric Barrett Crouch, No. 01C01-9906-CC-00216, 2000 WL 31859, at *2 (Tenn. Crim. App., at Nashville, Jan. 18, 2000), perm. app. denied (Tenn. 2000) ; State v. Stuart Allen Jenkins, No. 01C01-9712-CR-00590, 1998 WL 917806, at *2 (Tenn. Crim. App., at Nashville, Dec. 21, 1998); State v. Charlotte Little, No. 03C01-9504-CR-00113, 1996 WL 33174, at *3 (Tenn. Crim. App. at Knoxville, Jan. 30, 1996); State v. Charles R. Sanders, No. 01C01-9312-CC-00420, 1994

WL 398823, at *1 (Tenn. Crim. App., at Nashville, July 21, 1994), perm. app. denied (Tenn. 1994). In many of these cases the State, defendant and trial court have all agreed, as evidenced by the guilty plea transcript, that the question is properly certified, only to have the State correctly argue on appeal that the certification was not in compliance with Preston, requiring dismissal of the appeal because this Court cannot assume jurisdiction of a matter upon the agreement of the parties. State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

In State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998), our Supreme Court relaxed the Preston requirements somewhat by allowing a certified question to be set out in an independent document, and such document to be incorporated by reference into the judgment. However, the "addendum to judgment," which would arguably satisfy the Preston requirements herein, is not incorporated by reference into the final judgment entered on September 10.

In the case herein, the judgment makes no mention of the reservation of a certified question of law. The judgment does not reference or incorporate the "addendum of judgment" filed by defense counsel in which the certified question of law is enumerated. Accordingly, after carefully reviewing the record in this case, we determine that the appellant has failed to properly reserve the right to appeal a certified question of law in accordance with the requirements of Tennessee Rule of Criminal Procedure 37. Finding the failure to properly certify the question of law a jurisdictional defect, we must dismiss the appeal.[1]

### Conclusion

For the foregoing reasons, this appeal is dismissed.

_____
JERRY L. SMITH, JUDGE

---

[1]We are not unsympathetic to the appellant's inevitable frustration with this Court's dismissal of his appeal despite his efforts at compliance with the Preston requirements. However, the holding in Preston and more recently Tenn. R. Crim. P. 37(b)(2)(i) created a bright-line rule from which this Court may not depart. Because the final judgment does not contain a statement of the certified question of law, nor does the judgment refer to an independent document which would satisfy the requirements of Preston, we are left with no choice but to dismiss this appeal.