IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2009

**STATE OF TENNESSEE v. ROBERT DALE JARVIS**

**Appeal from the Circuit Court for Lincoln County**
**No. S0700038   Robert Crigler, Judge**

_____

**No. M2009-00074-CCA-R3-CD - Filed February 18, 2010**

_____

The Lincoln County Grand Jury indicted Appellant, Robert Dale Jarvis, for a total of twenty-one counts including aggravated burglary, theft over $500, theft over $1,000, and vandalism. Appellant pled guilty to two counts of theft over $500 and five counts of theft over $1,000. As a result of the guilty plea, the trial court imposed an effective sentence of twelve years to be served as a career offender at sixty percent. At the guilty plea hearing, the parties discussed the reservation of a certified question upon which Appellant wanted to appeal. On appeal, after a thorough review of the record, we conclude that Appellant has not properly preserved the certified question of law. Therefore, we must dismiss this appeal for want of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Dorothy D. Buck, Fayetteville, Tennessee, for the appellant, Robert Dale Jarvis.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Mike McCown, District Attorney General, and Hollyn Eubanks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual Background_

In the January 2007 session, the Lincoln County Grand Jury indicted Appellant for seven counts of aggravated burglary, two counts of theft over $500, five counts of theft over $1,000, and seven counts of vandalism less than $500 based upon incidents that occurred in

February and March of 2006.  On November 20, 2007, Appellant filed a "Motion for Fast and Speedy Trial."  Appellant stated in this pleading that he was incarcerated in Alabama at the time.  On February 11, 2008, Appellant filed a "Request for Final Disposition."  On the same date, the Alabama Department of Correction filed a copy of letter sent to the district attorney which included Interstate Agreement Forms pursuant to the Interstate Agreement on Detainers.

On March 7, 2008, the trial court filed an "Order of Arraignment" in which the public defender's office was appointed to represent Appellant and the matter was continued until April 8, 2008.  According to the record on appeal, the matter was continued several times by joint motion through June 3, 2008, when the trial court filed an order setting the trial for December 8, 2008.  On August 28, 2008, Appellant filed a motion to dismiss based upon the Interstate Compact on Detainers and Appellant's right to a speedy trial.  On October 7, 2008, the trial court denied the motion to dismiss.  On December 2, 2008, Appellant entered guilty pleas to two counts of theft over $500 with an agreed sentence of six years on each count and five counts of theft over $1,000 with an agreed sentence of twelve years on each count.  The trial court ordered the sentences to run concurrently to each other for an effective sentence of twelve years.  Appellant was sentenced as a career offender and ordered to serve the sentence at sixty percent.

In the Petition to Enter a Plea of Guilty included in the record it states, "Defendant may pursue certified question of law relating to speedy trial issue."  At the guilty plea hearing, there was some discussion between the assistant district attorney, the trial court, and Appellant's attorney about the entry of a certified question.  The trial court cautioned that Appellant was responsible for framing the certified question for appeal.  Appellant's counsel stated that the question was whether Appellant was denied his right to a speedy trial.  The certified question is neither set out in the judgments nor is it set out in any separate filing.  In addition, the judgments do not contain a statement incorporating by reference the certified question.

Appellant now appeals his guilty pleas based on his purported certified question.

## ANALYSIS

Appellant presents an ostensible certified question of law on appeal in which he argues that he was denied his right to a speedy trial.  The State argues that Appellant has failed to properly reserve his certified question of law for appeal, that this Court lacks jurisdiction to consider the appeal and that the appeal should be dismissed.

In pertinent part, Rule 37(b)(2)(I) of the Tennessee Rules of Criminal Procedure provides:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction . . . upon a plea of guilty or nolo contendere if . . . the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met: (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review; (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved; (C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and (D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case; . . . .

In *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988), our Supreme Court made explicit to the bench and bar exactly what the appellate courts require as prerequisites to the consideration of the merits of a certified question of law. These requirements are as follows:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case . . . . Also, the order must state that the certified question was expressly reserved as

part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case . . . . No issue beyond the scope of the certified question will be considered.

*Id.* at 650; *see also State v. Caldwell*, 924 S.W.2d 117, 118 (Tenn. Crim. App. 1995). Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal. *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). As the appellate courts have written time and again, the requirements of *Preston* are extremely clear. *See Pendergrass*, 937 S.W.2d at 837. This Court has consistently held that the Preston requirements are jurisdictional. *See State v. Alaric Barrett Crouch*, No. 01C01-9906-CC-00216, 2000 WL 31859, at *2 (Tenn. Crim. App., at Nashville, Jan. 18, 2000), *perm. app. denied,* (Tenn. 2000); *State v. Stuart Allen Jenkins*, No. 01C01-9712-CR-00590, 1998 WL 917806, at *2 (Tenn. Crim. App., at Nashville, Dec. 21, 1998); *State v. Charlotte Little*, No. 03C01-9504-CR-00113, 1996 WL 33174, at *3 (Tenn. Crim. App., at Knoxville, Jan. 30, 1996); *State v. Charles R. Sanders*, No. 01C01-9312-CC-00420, 1994 WL 398823, at *1 (Tenn. Crim. App., at Nashville, July 21, 1994), *perm. app. denied,* (Tenn. 1994). In many of these cases the State, defendant and trial court have all agreed, as evidenced by the guilty plea transcripts, that the question is properly certified, only to have the State correctly argue on appeal that the certification was not in compliance with *Preston*, requiring dismissal of the appeal because this Court cannot assume jurisdiction of a matter upon the agreement of the parties. *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

In *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998), our Supreme Court relaxed the *Preston* requirements somewhat by allowing a certified question to be set out in an independent document, and such document to be incorporated by reference into the judgment. However, in the case at hand, there is not even a document stating the certified question.

In the case herein, the judgment makes no mention of the reservation of a certified question of law. The judgment does not reference or incorporate any document filed by defense counsel in which the certified question of law is enumerated. In fact, we find no place in the record where Appellant has set out his certified question in writing. The only place a certified question is referenced in writing is in the Petition to Enter a Guilty Plea where it states that Appellant may pursue a certified question related to speedy trial. Accordingly, after carefully reviewing the record in this case, we determine that Appellant has failed to properly reserve the right to appeal a certified question of law in accordance

with the requirements of Tennessee Rule of Criminal Procedure 37.  Finding the failure to properly certify the question of law a jurisdictional defect, we must dismiss the appeal.

## **CONCLUSION**

For the foregoing reasons, this appeal is dismissed.


_____
JERRY L. SMITH, JUDGE