# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
February 16, 2010 Session

## STATE OF TENNESSEE v. RUSSEL B. CAIN

**Direct Appeal from the Criminal Court for Wilson County**
**No. 08-CR-396     Jane Wheatcraft, Judge**

**No. M2009-00754-CCA-R3-CD - Filed June 30, 2010**

The defendant, Russel B. Cain, entered a plea of guilty to three counts of aggravated sexual battery of a victim under the age of thirteen, a Class B felony, but reserved a certified question of law to Counts Two and Three of the indictment. Specifically, he requests this court to review: "If an indictment alleges multiple counts of child sexual abuse, and if the dates of the separate counts are state[d] as 'the ___ day of _____, 2007,' does the conviction of Count One of the indictment bar the conviction on Counts Two and Three of the indictment under the double jeopardy protection of the Constitution." The defendant also argues that he was improperly sentenced to consecutive sentences. After careful review, we conclude that the conviction on Count One of the indictment does not bar the convictions on subsequent counts of the indictment when the dates of the offenses are stated as "the ___ day of ____, 2007" and that consecutive sentencing was appropriate. Accordingly, we affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Russel B. Cain.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Jason L. Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was charged with ten counts of aggravated sexual battery of his six-year-old niece. The facts were recited as follows during the guilty plea colloquy:

[T]his case began on November 24th of [2007] in which Officer Brian Harbaugh would say that a patrol officer actually contacted him and they responded out to an address here in Wilson County, and at that time spoke with a lady who had a young child with her, a young female by the name of [name redacted], who I believe at the time was eleven years old.

In talking with them, it appears that what happened was that [the defendant] was an uncle of [the victim] and I believe that [the defendant] and his wife were going through a divorce at the time, but that [the defendant] had, through the family relationship, spent a significant amount of time with [the victim], and on this particular day had actually babysat [the victim] on the day before.

That morning the mother came in to wake [the victim]. When she did, she noticed that [the victim] did not have any underwear on. She asked [the victim] where her underwear was and she said that [the defendant] had taken them off, and she asked her why, and [the victim] said that he kisses her down there. She asked her more specifically and she did say that the Defendant did kiss her on her vagina.

She asked if this was the first time that this has happened and she says, no. She says it [did not] happen every time that she goes over to his house, but that he has done this on previous occasions.

Judge, continuing the investigation, Detective Harbaugh went to the Defendant's home. Actually, the Defendant at the time lived with his mother. Detective Harbaugh went to the mother's home and asked for consent to search. They did obtain consent and did search the residence there.

As part of the search they did find a laptop computer that appeared to be in several pieces. They took that as abandoned property. We've had a previous hearing related to that. And looking inside of that computer, Judge, they did find that the Defendant had typed a letter to another relative and on the letter the Defendant had said several things about these occasions and that it happened.

He said that he had researched on-line the law regarding child molestation and he acknowledged that that is what he did to [the victim]. He said that according to -- and this is in his letter, the law according to the internet says eight to twelve years for each contact, and that in his case it

-2-

would be about ten.  He said that occurred over a [two-month] period.

He went on to say that after the first two occurrences that he recognized the wrongfulness of it and talked to [the victim] and told her that he was going to stop touching her.  He did say that after having this talk with her about a week or so passed and then there was another incident in which he touched her again inappropriately.  And then he said that after that occasion there were about three more times that he did touch her inappropriately.

He described the contact as kissing and licking and things of that nature in his written letter.  So, his letter itself, Judge, talks about the multiple occasions of which this happened which gives the basis for the multiple counts of the indictment.

The defendant agreed to enter a guilty plea to three counts of the indictment in exchange for an eight-year sentence on each count.  However, he reserved a certified question of law to determine whether double jeopardy prevented multiple convictions. Following a sentencing hearing, the defendant was ordered to serve the sentences consecutively, but the parties agreed to reserve a certified question of law as to Counts Two and Three of the plea agreement.

Analysis

In *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988), our supreme court made explicit to the bench and bar what the appellate courts require as prerequisites to the consideration of the merits of a certified question of law.  These requirements are as follows:

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.  For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise.  Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination

of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. . . . No issue beyond the scope of the certified question will be considered.

*Id.* at 650; *see also State v. Caldwell*, 924 S.W.2d 117, 118 (Tenn. Crim. App. 1995). Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal. *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996).

The State argues that the issue reserved for certified question review was not properly reserved pursuant to Tennessee Rule of Criminal Procedure 37, because the order describing the certified question does not conform to the procedural requirements. Rule 37(b)(2)(A)(iv) requires that the order describing the question reserved must indicate on its face that the State and the parties are of the opinion that the question reserved is dispositive of the case. A question is dispositive of the case on appeal when this court must either affirm the convictions or remand the case for dismissal of the charges. *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001). The State contends that the issue is not dispositive in the instant case because the defendant did not contest the first conviction of aggravated sexual battery. The State argues that because the first conviction is not contested and the certified question does not account for the first conviction, it cannot be considered dispositive because all charges will not be dismissed. However, the question presented is dispositive as to the other two convictions, and we will review the question as presented.

The defendant contends that the indictment violates double jeopardy principles because there was no way to factually distinguish the conduct alleged in Count One of the indictment from the conduct alleged in Counts Two and Three. In order to be considered sufficient to satisfy constitutional and statutory requirements, an indictment must provide adequate notice of the charge to the accused. *State v. Hammonds*, 30 S.W.3d 294, 300 (Tenn. 2000). In order to satisfy the notice requirement, the indictment must: "(1) enable the accused to know the accusation to which answer is required; (2) furnish the trial court an adequate basis for entry of a proper judgment; and (3) protect the accused from a subsequent prosecution for the same offense." *Id.* at 299 (citing *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997)). The State is often permitted and sometimes required to allege several offenses occurred over a broad time frame without attaching exact dates to those offenses. *State v. Schiefelbein*, 230 S.W.3d 88, 127 (Tenn. Crim. App. 2006). The specific time of the offense is often immaterial in the bringing of the indictment. T.C.A. § 40-13-207 (2006). When such a broadly framed indictment is brought, the rights of the defendant to a unanimous jury verdict are "scrupulously protected" by requiring the State, at trial, to

specifically elect which offenses it will prove and by requiring the jury to consider only the proof relevant to those specific instances of conduct. *Id.*; *see also State v. McCary*, 119 S.W.3d 226, 240-41 (Tenn. Crim. App. 2003).

The State charged the defendant with ten counts of aggravated child abuse based on his own recorded recollections obtained from his laptop computer in which he admitted to at least ten instances of criminal conduct. By pleading guilty, the defendant acknowledged his guilt and the factual basis of the pleas. During the plea hearing, the State stated that the victim told her mother that the defendant had touched her on her vagina prior to the time it was discovered by the victim's mother. The State also stated in the recitation of facts that a search of the defendant's laptop computer produced a letter drafted by the defendant in which he discussed his knowledge of child molestation and stated that he had molested the victim about ten times over a two-month period. The letter found on the computer also stated that the defendant recognized the wrongfulness of his actions after the first two times. He stated that he told the victim that he needed to stop touching her and that, subsequently, there was a delay of a week before the next incident of inappropriate touching. In the letter, he acknowledged three additional incidents of inappropriate touching. The indictments, at the time of the defendant's plea, alleged all instances of criminal conduct admitted by the defendant, and it was intended that all instances of criminal conduct occurring in the same broad time frame be tried in the same trial. All of these charges were pursued in one prosecution, and the defendant agreed to plead guilty. The indictment, alone, was sufficient to enable the accused to know what he was accused of, to furnish the trial court an adequate basis for entry of a proper judgment, and to protect the accused from a subsequent prosecution for the same offense. The defendant is not entitled to relief on this issue, and the judgments are affirmed.

Next, the defendant contends that consecutive sentencing was inappropriate because the incidents in which he performed oral sex on the victim were not severe enough to warrant a harsh sentence. As relevant here, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one of following statutory criteria applies:

> [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

T.C.A. § 40-35-115(b).

On appeal, the burden is on the defendant to show that the sentence was improper. Here, the defendant pled guilty to three separate offenses involving the sexual abuse of a minor. During the investigation of the case, the police found a letter typed by the defendant on his computer acknowledging that he had been sexually active with the minor victim on several occasions. The letter identified the victim and described himself as a "pedophile" worthy of punishment. The letter specifically described how he touched the victim.

The trial court found that the defendant abused his position as an uncle and that he knew what he was doing was wrong. Ultimately, the trial court determined that consecutive sentences were proper under Tennessee Code Annotated section 40-35-115 because the defendant committed three separate aggravated sexual battery offenses against the six-year-old victim. The trial court also found that the defendant's behavior could cause irreparable harm to the victim and found that it was necessary to impose consecutive sentences because of the seriousness of the offense. The defendant stipulated to these facts and admitted his guilt. Consecutive sentencing was appropriate and proper.

Conclusion

Based on the foregoing and the record as a whole, we affirm the defendant's convictions and sentences.

_____<br>JOHN EVERETT WILLIAMS, JUDGE