# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
On Brief September 22, 2010

## STATE OF TENNESSEE v. JOHN ANTHONY PARTIN

**Appeal from the Circuit Court for Sequatchie County**
**No. 2009-CR-57    J. Curtis Smith, Judge**

---

**No.  M2010-00190-CCA-R3-CD - Filed February 24, 2011**

---

The Sequatchie County Grand Jury indicted Appellant, John Anthony Partin, for one count of driving under the influence ("DUI") and one count of violation of the implied consent law. Appellant filed a motion to suppress the evidence collected as a result of his interaction with the law enforcement officer.  The trial court denied the motion to suppress.  Subsequently, Appellant pled guilty to one count of DUI, first offense and reserved a certified question of law for appeal to this Court.  After a review of the record on appeal, we conclude that Appellant did not properly reserve his certified question.  Therefore, this Court has no jurisdiction to hear this appeal, and the appeal is dismissed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellant, John Anthony Partin.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; J. Michael Taylor, District Attorney General; and David Shinn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

At about 1:24 a.m. on November 14, 2008, Sergeant Gary Craft with the Sequatchie County Sheriff's Department was driving down Fredonia Mountain en route with his blue

lights flashing to a motor vehicle accident involving a fatality. He was driving down the mountain on Fredonia Road which is a very narrow and curvy road. It was very foggy the night in question. As he proceeded down the mountain he came around a curve and thought he saw an oncoming vehicle in his lane. He was blinded momentarily by the headlights of the oncoming car. When he came upon the car in question, he realized that the car was parked on the side of the road in a pull-off location. The car was running with the lights on and blinding oncoming traffic. Sergeant Craft was concerned for the driver and backed into the pull-off location behind the car. When he reached the car and looked into the window, he saw that Appellant was passed out under the steering wheel and he had a beer between his legs and an open beer in the console of the car. At this point, Sergeant Craft woke up Appellant and began a stop for DUI.

In January 2009, the Sequatchie County Grand Jury indicted Appellant for one count of DUI and one count of violation of the implied consent law. Appellant filed a motion to suppress arguing that all evidence seized and obtained as a result of Sergeant Craft's investigation was illegally obtained in violation of the Fourth Amendment of the United States Constitution. The trial court denied the motion after holding an evidentiary hearing on the matter. Appellant pled guilty on December 10, 2009, to DUI, first offense. The trial court sentenced Appellant to eleven months and twenty-nine days with all but five days suspended, the remainder to be served on probation. Appellant purported to reserve a certified question appealing the denial of his motion to suppress.

## ANALYSIS

In pertinent part, Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction . . . upon a plea of guilty or nolo contendere if . . . the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met: (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review; (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved; (C) the judgment or document must reflect that the certified question was expressly reserved with the consent

of the state and the trial judge; and (D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case; . . . .

In *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988), our Supreme Court made explicit to the bench and bar exactly what the appellate courts require as prerequisites to the consideration of the merits of a certified question of law. These requirements are as follows:

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case . . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case . . . . No issue beyond the scope of the certified question will be considered.

*Id.* at 650; *see also State v. Caldwell*, 924 S.W.2d 117, 118 (Tenn. Crim. App. 1995). Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal. *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). As the appellate courts have written time and again, the requirements of *Preston* are extremely clear. *See Pendergrass*, 937 S.W.2d at 837. This Court has consistently held that the *Preston* requirements are jurisdictional. *See State v. Alaric Barret Crouch*, No. M1999-02057-CCA-R3-CD, 2000 WL 31859, at *2 (Tenn. Crim. App., at Nashville, Jan. 18, 2000), *perm. app. denied*, (Tenn. Sept. 18, 2000); *State v. Stuart Allen Jenkins*, No. 01C01-9712-CR-00590, 1998 WL 917806, at *2 (Tenn. Crim. App., at Nashville, Dec. 21, 1998); *State v. Charlotte*

*Little*, No. 03C01-9504-CR-00113, 1996 WL 33174, at *3 (Tenn. Crim. App., at Knoxville, Jan. 30, 1996); *State v. Charles R. Sanders*, No. 01C01-9312-CC-00420, 1994 WL 398823, at *1 (Tenn. Crim. App., at Nashville, Jul. 21, 1994), *perm. app. denied*, (Tenn. Dec. 12, 1994). In many of these cases the State, defendant and trial court have all agreed, as evidenced by the guilty plea transcripts, that the question is properly certified, only to have the State correctly argue on appeal that the certification was not in compliance with *Preston*, requiring dismissal of the appeal because this Court cannot assume jurisdiction of a matter upon the agreement of the parties. *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

Appellant's certified question is as follows:

> Whether the encounter between the Defendant and Deputy Gary Craft of the Sequatchie County Sheriff's Department on November 14, 2008 on Fredonia Mountain Road in Sequatchie County and the subsequent observations, search, seizure and arrest of the Defendant by Deputy Craft were in violation of the United States and Tennessee Constitutions and the laws of the State of Tennessee.

The State argues that Appellant failed to properly reserve his certified question because the question as written does not "clearly identify the scope and limits of the legal issue presented." We agree with the State. *Preston* specifically states that the certified question must include, "the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question . . . ." *Preston*, 759 S.W.2d at 650.

In *State v. Kale J. Sandusky*, No. M2008-00589-CCA-R3-CD, 2009 WL 537526 (Tenn. Crim. App., at Nashville, Mar. 4, 2009), *perm. app. denied*, (Tenn. Aug. 24, 2009), the defendant reserved the following certified question, "'whether or not the entries by law enforcement into [the Defendant's] home on October 23, 2006 were in violation of constitutional guarantees against unreasonable searches and seizures under the state and federal constitutions . . . .'" *Kale J. Sandusky*, 2009 WL 537526, at *3. We held that the certified question was too broad and dismissed the appeal. In *State v. Nicholas J. Johnson*, No. M2000-03162-CCA-R3-CD, 2001 WL 1356369 (Tenn. Crim. App., at Nashville, Nov. 6, 2001), *perm. app. denied*, (Tenn. Apr. 8, 2002), we concluded that the certified question was too broad that raised the issue of "'the validity of the search and seizure of the' Appellant." *Nicholas J. Johnson*, 2001 WL 1356369, at *2. We stated the following:

The question is not only patently non-specific but also does not clearly identify the reasons relied upon by the Appellant at the suppression hearing. Additionally, review of the question as presently framed would potentially require a complete dissertation of the law of search and seizure of which this court is not willing to engage in absent specific boundaries circumscribed by the Appellant.

*Id.* at *2.

In this case, Appellant's certified question is not unlike those in *Kale J. Sandusky* and *Nicholas J. Johnson*. Other than a general statement referencing "the encounter," Appellant's certified question sets out neither specific facts about the encounter that constitute a violation of the federal and state constitutions as well as the laws of Tennessee nor in what way the encounter violated the constitutions and laws. The certified question as framed would require a dissertation of search and seizure law, and as stated in *Nicholas J. Johnson*, this Court is not willing to do so without parameters set by Appellant.

It is an appellant's burden to "reserv[e], articulat[e], and identify[ ] the issue." *Pendergrass*, 937 S.W.2d at 838. Because Appellant failed to properly reserve his certified question of law, we are without jurisdiction to review the merits of his claim.

## CONCLUSION

For the foregoing reasons, we have no jurisdiction to hear this appeal and, therefore, the appeal is dismissed.

_____
JERRY L. SMITH, JUDGE